UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1994TIA |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On October 3, 2013, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. He filed a motion for appointment of counsel, alleging that he is unable to obtain legal counsel because of his poverty. Thus, he requests that the court appoint him an attorney.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case, Petitioner raises only four grounds for habeas relief, and they do not appear to be factually or legally complex. Further, Petitioner has thus far been able to articulate his claims in both his Petition in a clear, concise manner with exhibits and case law in support. Because Petitioner has demonstrated an ability to adequately present his claims without an attorney, his motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket No. 6) is **DENIED WITHOUT PREJUDICE**. If the Court later determines that counsel is necessary, the appropriate order will be issued.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of September, 2014.