UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 1994 JMB |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Stanley Johnson ("Johnson") has petitioned this Court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. (ECF No. 1)  All matters are pending before the Court with the

consent of the parties, pursuant to 28 U.S.C. § 636(c).  The Court concludes that this matter may

be resolved on the existing record.  Because Johnson's petition is untimely, as explained below,

the Court will dismiss it.  See 28 U.S.C. § 2244(d)(1).  The Court further concludes that no

certificate of appealability shall issue.

I.      **Procedural and Factual Background**

In May of 1994, Lela Warner was raped and murdered in her St. Louis County home.  At

the crime scene, police collected extensive evidence, including hair, blood, semen, fingerprints,

and a palm print—all presumably from the murderer.  The perpetrator's DNA profile was

entered into the Combined DNA Index System ("CODIS").  The crime remained unsolved until

2006, when the CODIS database generated a "hit" matching the crime scene DNA evidence to

Stanley Johnson, who was incarcerated on an unrelated crime at that time.  Police then obtained a

search warrant compelling Johnson to provide another DNA sample, from which further testing

confirmed that Johnson's DNA was consistent with that found on Ms. Warner.  See State v.

Johnson, 328 S.W. 3d, 385, 389 (Mo. Ct. App. 2010) (describing factual background).

In September of 2006, Johnson was charged with first degree murder and forcible rape. (Resp. Ex. B at 1)  Almost three years later, in April of 2009, Johnson went to trial on the murder and rape charges.  On April 22, 2009, Johnson was convicted of both counts.  (Id. at 22)  On July 2, 2009, Johnson was sentenced to life imprisonment, without the possibility of parole, for the murder charge, and thirty years imprisonment for the rape, to be served consecutively to the sentence for the murder charge.[1]  (Id. at 367-69)

Johnson appealed his conviction and sentence through the Missouri courts on direct appeal.  Johnson's direct appeal was denied.  See Johnson, 328 S.W.3d at 389.  Johnson also filed motions for state post-conviction relief after the conclusion of his direct appeals—these were also denied.  (Resp. Ex. F at 145; and Resp. Ex. I at 1)  On October 3, 2013, Johnson filed the present federal habeas petition under § 2254.  (ECF No. 1)  The Court issued an order, directing Respondent to show cause why this Court should not grant the relief requested in Johnson's petition.  (ECF No. 15)  On September 23, 2014, Respondent filed its response to Johnson's petition.  (ECF No. 27)  In its response, the State raised the affirmative defense that Johnson's habeas petition is untimely because it was filed in excess of the one-year statute of limitations imposed on habeas actions as a result of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Id. at 3-6); see also 28 U.S.C. § 2244(d)(1).

On January 28, 2016, this Court issued a show cause order directing Johnson to explain why his habeas petition should not be dismissed as time-barred under AEDPA.  (ECF No. 47)  On February 11, 2016, Johnson responded to the Court's order, and conceded that his petition was untimely.  Johnson argued, however, that he should be excused from compliance with AEDPA's statute of limitations because his attorney failed to inform him of key judgments in his

---

[1]     Johnson is currently in the custody of Ian Wallace, warden of the Southeast Correctional Center in Charleston Missouri, due to multiple judgments, including this one.

post-conviction case. Specifically, Johnson alleges his post-conviction counsel did not inform

him of the denial of relief by the post-conviction trial court and appellate court. Johnson argues

that these omissions caused him to miss the one-year deadline. (ECF No. 48)

The Court will liberally construe Johnson's allegations as a request for equitable tolling

under § 2244(d) on the basis of his attorney's negligence. Even though Johnson concedes that

his petition is untimely, the Court—out of an abundance of caution—will analyze the State's

untimeliness argument, and then discuss Johnson's equitable tolling claim.

## II.     Analysis

### A.  Timeliness Under § 2244(d)

As noted above, AEDPA "establishes a 1-year time limitation period for a state prisoner

to file a federal habeas corpus petition. That year runs from the latest of four specified dates."

Jimenez v. Quarterman, 129 S. Ct. 681, 683 (2009). As relevant here, Johnson's one year time

limit began to run from "the date on which the [state court] judgment became final by conclusion

of direct review or the expiration of the time for seeking such review." See 28 U.S.C. §

2244(d)(1)(A); see also Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012).

Johnson's conviction became final after he applied for transfer to the Missouri Supreme

Court, that application was rejected, and the time for seeking certiorari in the United States

Supreme Court expired. See Gonzalez, 132 S. Ct. at 653. The Missouri Supreme Court denied

Johnson's application for transfer on January 25, 2011. (Resp. Ex. J., at 3) At that point,

Johnson had 90 days to seek review in the United States Supreme Court. See Supreme Court

Rule 13.1. This time expired on April 25, 2011. As such, Johnson's one year period in which to

file a habeas action commenced on April 26, 2011.

For state prisoners, the limitations period is statutorily tolled for the period during which a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  Johnson filed his Rule 29.15 motion on April 7, 2011.  (Resp. Ex. K at 1)  The State does not argue that the motion was improperly filed.  Therefore, statutory tolling was in effect when the one year statute of limitations began to run.

The 29.15 court denied Johnson's post-conviction relief motion on October 3, 2011.[2]  (Id. at 2)  At that point, statutory tolling ran until the notice of appeal (from the motion court's judgment) was due—which was November 14, 2011.  See Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (holding that the AEDPA statute of limitations is tolled during the time that a state prisoner *could have* appealed a lower court's adverse ruling).  Johnson did not file a notice of appeal, and therefore, his time began running after his time for filing a notice of appeal lapsed on November 14, 2011.[3]

Johnson then filed a motion for leave to file a late notice of appeal on February 17, 2012.  (Resp. Ex. L at 2)  As explained below, this restarted the tolling period under § 2254(d)(2).  But in the meantime, 94 days passed between November 14, 2011 and February 17, 2012.  These days are not tolled under § 2244(d)(2) because a properly-filed application for post-conviction relief was not pending in state court during these 94 days.  See Streu v. Dormire, 557 F.3d 960,

---

[2]     In its review of the record in this case, the Court notes that the original notice of appeal document says the 29.15 court's judgment was issued October 8, 2011.  (Resp. Ex. F at 147)  Because the Missouri court of appeals, in a written show cause order, found that the judgment occurred on October 3, as opposed to October 8, the Court will use the former date.  Additionally, October 8, 2011 was a Saturday—so the October 3 date is more likely correct.

[3]     The Court notes that one docket entry shows that Johnson may have attempted to file a notice of appeal on November 2, 2011, which would have been timely.  (Resp. Ex. K at 3)  This is acknowledged by the court of appeals in its February 14, 2012 show cause order requiring Johnson to either prove he in fact appealed properly on November 2, 2011, or file a motion to file a late notice of appeal.  (Resp. Ex. M)  Johnson chose to do the latter, and filed a late notice of appeal.  Therefore, Johnson concedes—and the state found—that he did not properly appeal the October 3, 2011 judgment until he filed his motion to file a late notice of appeal.

966 (8th Cir. 2009) (declining to toll the days between the expiration of a deadline for filing a notice of appeal and the filing of a motion to file a late appeal).

On February 17, the statutory tolling began again. See Streu, 557 F.3d at 966 (noting that the filing of an application to file out of time is an "application for State post-conviction" review, which entitles the filer to statutory tolling). The Missouri court of appeals granted the motion to file a notice of appeal out of time on February 24, 2012. (Resp. Ex. N) This time was also properly tolled. Streu, 557 F.3d at 966. Statutory tolling continued until November 8, 2012, when the mandate of the court of appeals came down, affirming the judgment of the Rule 29.15 court. Id. (holding that a post-conviction motion is properly "pending" between the time that the motion for leave to file an untimely appeal was granted, and when the appellate mandate came down). After November 8, 2012, Johnson's one-year statute of limitations began running again, because there was no application for post-conviction relief pending. See 28 U.S.C. § 2254(d)(2); see also Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001) (noting that the statute of limitations is not tolled for the ninety-day period during which a writ of certiorari could be sought after the denial of a post-conviction petition becomes final in the state system).

Johnson filed his federal habeas petition on October 3, 2013. (ECF No. 1) Thus, 328 days passed between the issuance of the mandate from the Missouri court of appeals on November 8, 2012, and the filing of the federal habeas petition.[4] After giving Johnson the

---

[4]     Respondent argues that Johnson's federal habeas petition was not filed until October 28, 2013. (ECF No. 27 at 4) This is because Rule 3(a) of the Rules Governing § 2254 Cases says that a habeas filing must include: (1) two copies of the petition; and (2) either (i) the applicable filing fee or (ii) a motion for leave to proceed in forma pauperis, ("IFP") along with the required financial affidavit and account certificate. Respondent points out that Johnson did not submit a signed motion to proceed IFP until October 28, 2013. While the Court acknowledges that Johnson did not follow proper procedures in submitting his IFP motion, it is clear that Johnson was attempting to apply for IFP status on October 3, 2013. The Court will give Johnson the benefit of the doubt, and assume that he properly filed his habeas petition on October 3, 2013.

benefit of the doubt and construing the circumstances in the light most favorable to the

conclusion that the petition is timely, the Court concludes that a total of 422 un-tolled days

passed between the time that Johnson's conviction became final and the filing of his federal

habeas petition. The Court therefore holds that Johnson's petition is untimely under AEDPA,

and will move to a discussion of Johnson's claims that his one year should be equitably tolled

under AEDPA.

### B. Equitable Tolling

The Supreme Court, in Holland v. Florida, 560 U.S. 631 (2010), ruled that AEDPA

permits equitable tolling, in addition to the statutory tolling found at 28 U.S.C. § 2254(d)(1). Id.

at 645. "Equitable tolling is 'an exceedingly narrow window of relief.'" Riddle v. Kemna, 523

F.3d 850, 857 (8th Cir. 2008) (abrogated on other grounds). A petitioner "is 'entitled to

equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560

U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Burns v. Prudden,

588 F.3d 1148, 1150 (8th Cir. 2009) (same). The burden of proof is on the petitioner to show

that he is entitled to equitable tolling. See Pace, 544 U.S. at 418 (noting that burden is on the

litigant seeking equitable tolling). The use of equitable tolling "must be guarded and infrequent,

lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Earl

v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009) (internal quotations omitted).

In considering whether equitable tolling is appropriate, the Supreme Court has eschewed

a mechanical approach to this two-step inquiry because "equitable principles have traditionally

governed the substantive law of habeas corpus." Holland, 560 U.S. at 646 (internal quotations

omitted). Instead, the district court should proceed "on a case-by-case basis." Id. at 650. The

Court must "draw upon decisions made in other similar cases for guidance," and exercise "judgment in light of prior precedent." Id.

### 1. Extraordinary Circumstance

The Supreme Court has not conclusively defined what amounts to an "extraordinary circumstance," entitling a petitioner to equitable tolling. In part, this is because of the necessity of exercising these equitable powers "on a case-by case basis," as discussed above. Holland, 560 U.S. at 649-50. In general, however, courts have held that an extraordinary circumstance must be one "external" to the petitioner, such as when a state "lulls" a petitioner into inaction. See United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006). Another "external" circumstance can be attorney error, as Johnson has alleged in this case. In the context of alleged attorney errors, though, the Supreme Court has laid out several governing principles.

First, "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 560 U.S. at 651-52 (internal citations and quotations omitted); see also Rues v. Denney, 643 F.3d 618, 621-22 (8th Cir. 2011) (holding that an attorney's miscalculation of a habeas petitioner's due date does not amount to an "extraordinary circumstance"). In fact, "[a]ttorney negligence, whether characterized as ordinary or gross, is not a sufficient basis for equitably tolling the AEDPA limitations period." Federal Habeas Manual, § 9A:101; see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance…".); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling.").

Second, while an attorney's negligence or mistake is not an extraordinary circumstance, "serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." Muhammad v. United States, 735 F.3d 812, 816 (8th Cir. 2013). In other words, for equitable tolling to be appropriate based on an attorney's behavior, the attorney's conduct must be *wrongful*, not merely negligent. See also Beery, 312 F.3d at 951-52 (holding that counsel's false representation that a habeas petition has been filed may warrant equitable tolling).

For example, in Martin, petitioner's attorney lied about whether a one-year deadline for filing § 2255 motions even existed; the attorney told petitioner's wife that he would file the papers within two weeks; then, after the deadline passed, the attorney said that he *had* filed the § 2255 motion, which he had not. Moreover, the attorney failed to communicate with his client, failed to return forty phone calls, failed to show up for two meetings with petitioner's wife, and failed to return petitioner's files once he demanded their return. This was sufficient misconduct to constitute an extraordinary circumstance. Martin, 408 F.3d at 1094-95 ("In sum, [petitioner's attorney] consistently lied to Martin and his wife about the filing deadline; repeatedly lied to Martin and his wife about the status of Martin's case; refused to communicate with Martin or his family; neglected to file any documents, belated or not, on Martin's behalf; and failed to return any of Martin's paperwork to him despite repeated requests and then demands.").

In Holland, the Supreme Court noted that petitioner's case did not involve attorney negligence, but rather, "far more serious instances of attorney misconduct." Holland, 560 U.S. at 652. In Holland, petitioner's attorney (1) failed to file Holland's petition on time; (2) was unaware of the date on which the limitations period expired; (3) ignored petitioner's many letters repeatedly requesting that he file petitioner's habeas petition; (4) failed to research the proper filing date; (5) failed to inform petitioner of the post-conviction court's rulings despite

petitioner's request for the information; (6) and failed to communicate with his client over a period of years, despite various pleas from the client to respond to his letters. Id. at 652. Under these circumstances, the Supreme Court held that "these various failures violated fundamental canons of professional responsibility," which "seriously prejudiced" the client. Id. at 652-53.

In contrast, in Muhammad, the petitioner alleged that his attorney had promised that she would file a motion for post-conviction relief, but failed to do so, and failed to respond to phone calls and letters. Muhammad, 735 F.3d at 815-16. The petitioner missed the one-year deadline for filing a § 2255 motion. The Eighth Circuit ruled that these allegations "do not come close to approaching those in Holland and Martin." Id. at 816. The court contrasted an attorney's failure to communicate with the affirmative wrongful misconduct found in Holland and Martin. Id. Muhammad's lawyer did not lie about deadlines for filing the motion, or repeatedly say she would file the motion, or withhold paperwork that would be needed to complete a *pro se* motion. The court concluded that while "[w]e do not condone attorneys failing to respond to letters or phone calls," the lawyer's actions "do not constitute an extraordinary circumstance." Id.

In this case, Johnson blames his attorney for Johnson's failure to file a timely federal petition. (ECF No. 48 at 1-2) Johnson states that his attorney "never informed" him of any of the post-conviction courts' judgments, including the 29.15 court's October 3, 2011 judgment, and the court of appeals' November 8, 2012 judgment. (Id.) Johnson claims that his counsel's "grave inactions" caused him to miss his filing deadline. (Id. at 2)

Even the most favorable construction of Johnson's allegations do not come close to meeting the standard for establishing an exceptional circumstance beyond Johnson's control, and they fall far short of the mark set in Holland and Martin. In fact, Johnson's allegations are less worrisome than the situation in Muhammad, where the Eighth Circuit found that the petitioner

had not established an exceptional circumstance. Like in <u>Muhammad</u>, and as opposed to <u>Martin</u>,

Johnson's attorney did not lie to him about the deadlines, or repeatedly and falsely tell him that

he would file the needed habeas application, or withhold paperwork needed to complete the

habeas application. In fact, Johnson's attorney was operating under the impression (albeit

mistaken) that Johnson was proceeding *pro se*, as Johnson had wanted to do. (ECF No. 48 at 4-

5) When the attorney discovered his mistake, he promised to promptly communicate with

Johnson. (Id. at 5) There was no affirmative misconduct. <u>See</u> <u>also</u> <u>Byers v. United States</u>, 561

F.3d 832, 836-37 (8th Cir. 2009) (counsel's failure to timely file a § 2255 motion to correct a

sentencing error, brought to the attention of counsel before and after sentencing, did not warrant

equitable tolling because of counsel's negligence; there was no allegation of deceit,

misrepresentation, or other serious misconduct on the part of counsel that prevented the prisoner

from timely filing his § 2255 motion).[5]

---

5      Several courts have ruled on the precise question of whether an attorney's failure to notify a petitioner of a court ruling relevant to the one year calculation is an extraordinary circumstance. The Eighth Circuit appears not to have ruled on that precise question. But, all of the courts of appeals to have addressed the question have held that that failure, in and of itself, is insufficient to constitute an extraordinary circumstance. <u>See</u> <u>LaCava v. Kyler</u>, 398 F.3d 271, 276 (3rd Cir. 2005) (rejecting argument that equitable tolling is warranted because counsel failed to timely notify a petitioner of a state court disposition); <u>Salinas v. Dretke</u>, 354 F.3d 425, 431-32 (5th Cir. 2004) (same); <u>cf</u>. <u>Keeling v. Warden, Lebanon Correctional Inst.</u>, 673 F.3d 452, 463-64 (6th Cir. 2012) (rejecting petitioner's argument that he missed a filing deadline because of his attorney's failure to inform him of the affirmance of his conviction, and holding that petitioner had a duty to diligently monitor the status of his case).

      Additionally, the Eighth Circuit has addressed a closely related scenario where there was a delay in receiving a court disposition. In <u>Earl v. Fabian</u>, the petitioner alleged—and the Eighth Circuit accepted—that the *state* delayed informing petitioner of the finality of his judgment under § 2244(d)(1) for seven months. Even though the state did not inform petitioner of the judgment for seven months after the decision, equitable tolling was not appropriate because petitioner still had eighth months to file a habeas petition, but neglected to do so. Because he had not diligently pursued his rights, petitioner was not entitled to equitable tolling, notwithstanding the several month notification delay. <u>See</u> <u>Earl</u>, 556 F.3d at 724-25.

Also relevant to an analysis of "extraordinary circumstances" is the prejudice caused to the petitioner by any attorney misconduct. See Holland, 560 U.S. at 653 (noting that "in this case, the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence"). In this case, as discussed below, any negligence on the part of Johnson's post-conviction relief attorney was not prejudicial because Johnson knew about the finality of his state court cases as early as February of 2013—even without his lawyer. (ECF No. 48 at 4) (noting that Johnson wrote a letter of complaint to the Missouri bar on February 25, 2013) It is clear that Johnson knew about the finality of the state court judgment because he used the fact that his lawyer had not told him about it as the basis for his complaint to the Missouri bar.

Because Johnson alleges simple negligence on the part of his post-conviction attorney, not affirmative misconduct, and because the attorney's negligence did not prejudice Johnson because Johnson knew about the state court's judgment prior to the running of the statute of limitations, there are no extraordinary circumstances to justify equitable tolling in this instance.

## 2. **Diligence**

Even if a prisoner can demonstrate that extraordinary circumstances prevented his timely filing of a habeas petition, he must also demonstrate diligence in pursuing his rights. See Muhammad, 735 F.3d at 816. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Muhammad, 735 F.3d at 816 (quoting Holland, 560 U.S. at 653).

In Holland, the Supreme Court found that the petitioner acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to

have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. Holland, 560 U.S. at 653.

In Martin, the Eighth Circuit found reasonable diligence where the petitioner "hired counsel well ahead of the deadline, 'did everything in [his] power to stay abreast of the status of his case,' provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney." Muhammad, 735 F.3d at 816-17 (citing Martin, 408 F.3d at 1095).

In contrast, in Muhammad, the petitioner did nothing to monitor the status of his case, did not attempt to contact the court to determine whether a § 2255 motion had been filed, and even when he found out about the impending deadline, did not file a motion immediately. Muhammad, 735 F.3d at 817. Similarly, in Earl, the petitioner alleged that he did not receive notice of the judgment that his conviction had become final until seven months after the decision was rendered, but the Eighth Circuit noted that petitioner still had approximately eight months to file his habeas petition—yet he did not do so. Earl, 556 F.3d at 724. The Court concluded that under such circumstances, the petitioner was not entitled to equitable tolling because he had not demonstrated reasonable diligence. Id. at 724-25.

Here, it appears that Johnson's diligence falls closer to the facts of Muhammad and Earl than Martin or Holland. Johnson notified the Missouri disciplinary counsel that his attorney did not inform Johnson of the termination of his post-conviction appeal; but Johnson waited several months thereafter to finally file his habeas petition. Johnson apparently wrote to the chief disciplinary counsel on February 25, 2013. (ECF No. 48 at 4) Therefore, Johnson must have known by that date that the Missouri courts had rejected his post-conviction appeal. Yet,

Johnson still did not file his habeas petition until October of 2013, at least seven months later.

Johnson could have filed his habeas petition along with, or shortly after he filed his complaint

with the Missouri bar, but he chose not to. Johnson has not demonstrated reasonable diligence in

pursuing his rights under Holland because he waited several months to file his habeas petition.[6]

In sum, Johnson has demonstrated neither extraordinary circumstances, nor reasonable

diligence in pursuing his rights, and therefore, he is not entitled to equitable tolling.

### III. Other Motions and Certificate of Appealability

Also before the Court is Johnson's "Motion For An Order Compelling Discovery." (ECF

No. 46) In the motion, Johnson asks this Court for an order directed to "the Respondent, the

Circuit Court of St. Louis County, or the Fulton State Hospital" requiring disclosure of various

documents to Johnson. (Id. at 1-2) Johnson says that these documents, including *inter alia*,

police records and forensic evaluations, are "very relevant" to his habeas petition. (Id. at 2)

Because the Court is dismissing Johnson's habeas petition, this motion is moot. It is denied.

Finally, the Court must consider whether or not to grant a certificate of appealability to

Johnson. To grant a certificate of appealability, the Court must find a substantial showing of the

denial of a federal constitutional right. Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A "substantial showing" is a showing that issues are debatable among reasonable jurists, a court

could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133

F.3d 565, 569 (8th Cir. 1997). Here, Johnson has not made a substantial showing of the denial of

---

[6] Additionally, the Court notes that even if Johnson had not known about the conclusion of post-conviction proceedings in the Missouri courts, he likely would have had to try to find out about them to demonstrate reasonable diligence. See Anjulo-Lopez v. United States, 541 F.3d 814, 818-19 (8th Cir. 2008) (noting that an attorney's failure to file an appeal is a matter of public record that "a duly diligent" client would have discovered). Here, the conclusion of Johnson's post-conviction appeal was a matter of public record that he could have investigated.

a federal constitutional right. Because Johnson has not made such a showing in this case, the undersigned will not issue a certificate of appealability.

## IV.     Conclusion

For the foregoing reasons, Johnson's petition for a writ of habeas corpus was not timely filed. Therefore, this Court will dismiss his petition.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's Petition for Writ of Habeas Corpus (ECF No. 1) is denied because it was untimely filed.

**IT IS FURTHER ORDERED** that Johnson's Motion For An Order Compelling Discovery (ECF No. 46) is denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

A separate judgment shall be entered this day.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of February 2016